Russell, J.
This-is an action under the Adair Liquor Law, and the plaintiff alleges that she is the Wife of George Garrison; that he is a man who, when sober, can earn a good living, and whose services are worth from three to five dollars per day; but when intoxicated, he cannot and will not work, and she says that he is in the habit of getting intoxicated. She further says that on the 4th day of June, 1894, she filed with the clerk of the city of Portsmouth, a legal notice, in writing, as provided by section 4358, of the Revised Statutes of Ohio, warning the saloon keepers of the city of Portsmouth not to sell her husband any intoxicating liquors. She says that the notice was in force on the 11th day of July, 1895, when the defendant Kear wrongfully sold a drink of whisky to her husband, and he became intoxicated; that by reason of the intoxication, he lost time, and that she lost the means of support she would otherwise have had; that by reason of his abuse of her, while he was in this state , of intoxication, she became sick. She asks for damages in the sum of one thousand dollars. The answer is a general denial.
, The case was tried to a jury, and a verdict was rendered in favor of plaintiff against Kear, the owner of the saloon, for the sum of $323.00. Mr. White, the owner of the property, was also defendant, but the jury found in his favor. The defendant, Kear, filed his motion for a new trial, on the grounds that the amount of the damages was excessive, and the verdict against the manifest weight of the evidence; also, that the court erred in admitting evidence on behalf of the plaintiff, and excluding evidence on behalf of the defendant. The common pleas court reduced the verdict to $150.00, and on that amount being accepted by the plaintiff, the motion was overruled.
On the trial of the case there were three'exceptions taken *449 by tbe plaintiff in error, to the 'ruling of tbe court on the evidence. The first, on the examination of the plaintiff, Virginia Garrison, when the question was asked her:
“Q. What effect do these sprees have-upon you? A. It makes me nervous. ”
(Objection by the defendant; overruled by .the court, and exception noted.)
”Q. What effect did his condition have, (this particular spree), on your health? A. It made me very nervous and weak. I am not able to look after myself, much less him; I have both to look after.”
”Q. How long were you nervous and sick at this time? A. I could not exactly tell you- — -some two or three week3-~ it takes that long for this nervousness to wear off, on account of my nervous system being shocked.”
Now, while counsel only objected to the first question, that was asked, it is claimed that where there is' a series of questions asked that are on the same subject, they are only required to object to one question; therefore, they claim their objection to the first question was ample. We think the objection was not well taken, and shall rely in support of this position, on the case of Mulford v. Clewell, 21 Ohio St., 191, to which I shall refer later. We are satisfied that they were mistaken as to what the plaintiff had a right tq-_ prove.
Nervousness may cause sickness; if it causes sickness, it becomes a physical injury under the statute. The party is just as incapable, if suffering at the time from abuse and.) cruel treatment — -just as incapable of attending to business,' and suffers physically as much and sometimes more, than if' actually struck a blow by tbe other party; and we think that the decision to which reference is made, bears out our views in that respect.
The next objection is in the cross-examination of the plaintiff, on page 16, of the Bill of Exceptions:
‘‘Q. You thought of demanding,” (that is, the plaintiff; *450 she was on the stand), “you thought of demanding some money from him, didn’t you?”
(Referring to Jordan, the man she thought sold her husband liquor, at another and a different time from the one Sued on.) ' .
(Objection by plaintiff; not considered competent by the court. Objection sustained. Exception noted by defendant J
Now, what could be the object, on the trial between Kear and the plaintiff, in introducing testimony to show that this woman had demanded money of Jordan because Jordan had so.\d her husband liquor? We can all see, at once, that it. does not bear upon the issues in this case. It was not the same sale, or the same intoxication for which she was demanding money from Kear for the selling to her husband; she was simply demanding money of Jordan because he had sold whisky to her husband at another time, and hao injured her. She had a perfect right; to do that. But it is claimed by counsel that they expect to show -that she also demanded money of others, and that there was a conspiracy between plaintiff and her husband. Well, now, they have not introduced a particle of evidence to sustain that claim, as the record shows. If they could have found anything of the kind, that would be a matter of defense. If plaintiff and her husband had entered into a conspiracy by which he was to obtain the liquor, and then she was to demand money of the saloon keeper sailing the same to him, that would be something to set up in the answer, and if found true, it would be a defense. But nothing of that kind appears from the evidence, and counsel did not state the basis of what they expected to show in proving that statement, and it is enough' to say that they did not attempt to do so in the case.
The exception noted on page forty-three of the bill of exceptions is simply the same question as before; it was asked of Jordan himself, and objected to. He was asked whether or not plaintiff had demanded of him the sum of fifty dollars, and whether she did not afterwards agree, or say, that she *451 would take a less sum? Suppose she did. ' She had a right to go around the town and demand damages from any one who had sold her husband liquor in violation of the law, and the notice she had given.
That was not trying the question of whether or not she had a cause of action against Kear for selling her husband liquor; but it was a cause against somebody else. The court, in tüe case at bar, was not trying any question of that kind, and we think the evidence was not competent.
Now, the next question is, was the verdict against the manifest weight of the evidence. We think this is a very slim case; we think it would so appear to any court, or jury, and if the case had come up on error, with the amount of the judgment that was originally rendered by the jury, $323.00, we should not have hesitated a moment to set it aside
Here, in this case, the evidence-shows that the party took one drink in Kear’s saloon in the morning, and that the same forenoon he followed that drink up by two more at other saloons. There is nothing in the evidence to show that there was any great or considerable amount of damage occurred from this drink, as the result of it, or in connection with the others. But he did, as I have said, drink at the other two places, then went home and continued in a drunken and sick condition. Counsel have attempted to prove by the neighbors that he did not remain sick; that on the forenoon of that day he was out on the street hunting work; but I think the evidence shows that he was in no condition to hunt very much work; he was not in that kind of business. He took a spree, he went home and verbally abused his wife; she became afflicted from it, in a nervous way, and became sick, as she states.
Now, counsel say that that is not any disability; that nervousness is not such a physical or personal injury as that she can maiuatin her cause of action upon it. In the first *452 place, I may say that we are satisfied that there was evidence here showing that he had expended some money, he had been out of employment for several days, in a drunken condition; so that she had shown some injury outside of the matter of physical injury.
Counsel for plaintiff in error rely upon the case of Mulford v. Clewell, 21 Ohio St., 191. I only propose to read the third paragraph of the syllabus:
“3. Under the acts to provide against the evils resulting from the sale of intoxicating liquors (S. & C., 1431, and 67 Ohio Laws, 101), an action against the vendor for injuries to the ‘person’ of the plaintiff occasioned by the drunkenness of the vendee, cannot be sustained without showing an assault, or some actual violence, or some physical injury to the person or health; and it is not sufficient to show mere mental anguish, disgrace, or a loss of society or companionship.”
Now, nervousness, as I said a moment ago, (to throw this woman into a nervous condition, and to make her sick from that), is a physical injury, and is recognized by this authority cited by counsel for the plaintiff in error; it arises from some physical injury to the person or health. Now, was not this nervousness an injury to the health? The authority of the case is directly against the counsel on that proposition; they have misconstrued the language of the court in that case. *
Now, it is claimed by counsel for the plaintiff in error that exemplary damages cannot be given (and it is admitted that they were given),unless it is shown that the defendant, Richard Kear, sold the liquor to George Garrison, knowing him to be the man named in the notice filed in the city clerk’s office on the 4th of June, 1894. And because the evidence shows that Kear did not himself sell this liquor to Garrison, and did not know him, but that it was, in his absence, sold by some of his bar keepers, (to whom Garrison was also unknown), to whom he had given strict orders not *453 to sell to any one on the black list, or who was drunk, or in the habit of getting drunk, no exemplary damages could be properly allowed by the jury, That the jury could, in such a case, only assess compensatory damages, and that exemplary damages can only be allowed by the jury in a case where the defendant sold the liquor, knowing that the person to whom he makes the sale is iheyme named in the notice filed under the law, and that he is a person in the habit of getting intoxicated. That because'fhe evidence in this case shows that George Garrison was totally unknown either to Kear, or to the bar keeper who sold him the liquor, to be the man named in the notice, no exemplary damages could be allowed by the jury. We cannot agree with counsel in that respect. We think the statute very plain on that proposition, and a simple reading of it will show that the counsel’s position is wrong; that the filing of the notice permits the jury so give, in the way of damages, exemplary damages, if the party selling intoxicating liquors sold the same after the notice was filed, to one in the habit of getting drunk.
Section 4357: “Every husband, wife, child, parent, guardian, employer, or other person injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall, after the giving, and during the exist\^ ence of the notice provided for in the next section, have a right of action in his, or her own name, severally or jointly, against any person or persons who,-by selling or giving intoxicating liquors have caused the intoxication, in whole or in part, of such person; and the owner of any building or premises, and the person renting or leasing the same, having knowledge that intoxicating liquors a're to be sold therein, in violation of law, or, having leased the same for other purposes, knowingly permit intoxicating liquors to be sold therein that have caused the intoxication, in whole or in part, of such person, shall be liable severally or jointly vs ith the person or persons selling or giving intoxicating liquors as aforesaid, for all damages sustained, as well as exemplary damages. ” \
Now,so far as the dealer or seller is concerned, the written *454 notice is sufficient as to him; but so far as the lessor of the property is concerned, he must have actual notice; but no actual notice need be given to the seller; therefore, though Kear, in this case, notified his bar keeper not to sell to any person who was on the black list, yet if the bar keeper did so sell to him, he is responsible, not only for damages, but for exemplary damages, if'the jury so decide. This is the view of the matter taken by the Supreme Court in the case of Schneider v. Hosier, 21 Ohio St., 98, the sixth syllabus of which reads as follows:
A. T. Holcomb and Duncan Livingsione, for Plaintiff in Error.
J. L Dodge, for Defendant in Error.
“6. In all actions under said section, in which the plaintiff shows a'right to recover damages actually sustained, the jury may also assess exemplary damages without proof of actual malice or other special circumstances of aggravation.”
The court, in its opinion, on pages 113 and 114, says:
“3rd. Whatever may be the rules of the common law, as to the state of facts necessary to justify the assessment of exemplary damages, it is clear to our minds that exemplary damages may be recovered in any action brought under this section, in which the evidence shows a right to recover actual damages. The amount of such damages is left to the sound discretion of the jury, subject to be controlled by the court when such discretion is abused. In actions under this statute the jury, in the exercise of its discretion as to exemplary damages, ought to consider all the circumstances properly before them tending to aggravate or mitigate the conduct of the wrongdoer.”
As I stated a moment ago, this is a very thin case, and the court below,probably considering that the plaintiff's expenses and counsel fees would be worth $150.00, reduced the verdict to that- amount. We think we would not be justified in disturbing the verdict now, since the action of the common pleas court.
We therefore think the jury was warranted in giving exemplary damages. The judgment will be affirmed, with costs.